IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK J. BENJAMIN,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF ATLANTIC CITY, et al.,<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 12-3471 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   Before the Court is Defendant John J. Mooney, III's motion for attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988 & 2000e-5(k), and N.J.S.A. 10:5-27.1. [Docket Item 63.] For the reasons explained below, the Court, in its discretion, will deny the motion.

   1.   Plaintiff Mark Benjamin, a black police sergeant in the Atlantic City Police Department ("ACPD"), brought this suit alleging that Mooney, as the chief of police, and the City of Atlantic City, discriminated against him on the basis of race in violation of Title VII, 42 U.S.C. § 1981 and the New Jersey Law Against Discrimination ("NJLAD"). He claimed that Mooney and the City did not investigate internal complaints of harassment he filed, demoted him on the basis of race, and promoted a white colleague instead of him. As evidence, he presented his own testimony and that of fellow police officers who described a

perceived unfairness and lack of opportunity for minorities in the police department.

2.   The Court granted separate motions for summary judgment by Mooney and the City. [Docket Item 58.] On the Title VII claims, the Court found that "the record clearly supports a prima facie case of racial discrimination" against the City, but also found that the City met its burden to articulate non-discriminatory reasons for each allegedly adverse employment action. Benjamin v. City of Atl. City, No. 12-3471, 2014 WL 884569, at *6, *8 (D.N.J. Mar. 6, 2014). The Court held that Plaintiff failed to present evidence from which a reasonable jury could infer that the City's proffered justification for its actions was pretextual. Id. The Court reached the same conclusion on the NJLAD claims. Id. at *9-*10. On the 42 U.S.C. § 1981 claim, the Court rejected Plaintiff's invitation to hold that controlling Third Circuit precedent, McGovern v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009), was wrongly decided. Benjamin, 2014 WL 884569, at *9.

3.   Turning to Defendant Mooney's motion, the Court recognized "conflicting precedent on Title VII claims against individuals in their official capacities," id. at *10 n.5, but the Court found Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061 (3d Cir. 1996), to be controlling for the proposition that individual employees are not liable under Title VII.

2

Benjamin, 2014 WL 884569, at *10. The Court likewise held McGovern, 554 F.3d at 121, foreclosed Plaintiff's argument that § 1981 provided a private right of action against state actors. Benjamin, 2014 WL 884569, at *10. Finally, the Court found that Plaintiff's NJLAD claim against Mooney was barred by the statute of limitations. Id. at *11.

4. Plaintiff appealed to the U.S. Court of Appeals for the Third Circuit.[1] Defendant Mooney filed this motion for fees and costs, which Plaintiff opposes.[2]

5. All three statutes under which Plaintiff brought claims -- Title VII, § 1981, and the NJLAD -- permit the Court, in its discretion, to award a reasonable fee to a prevailing defendant. See 42 U.S.C. § 2000e-5(k) ("the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs"); 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of sections 1981, . . . [or] 1983, . . . the court, in its discretion, may allow the prevailing party . . . a

---

[1] The matter is still pending. See Benjamin v. City of Atl. City, No. 14-1719 (3d Cir. filed Mar. 25, 2014)

[2] Although filing a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal," the district court retains jurisdiction "to review applications for attorney's fees . . . ." Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). The Court decides this matter without oral argument, pursuant to L. Civ. R. 78.1(b).

reasonable attorney's fee"); N.J.S.A. 10:5-27.1 ("the prevailing party may be awarded a reasonable attorney's fee as part of the cost, provided however that no attorney's fee shall be awarded to the respondent unless there is a determination that the complainant brought the charge in bad faith"). The standard for awarding fees to defendants is stricter than for prevailing plaintiffs. EEOC v. L.B. Foster Co., 123 F.3d 746, 750 (3d Cir. 1997). The district court may award fees to a prevailing defendant under Title VII or § 1988 only "'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Fox v. Vice, 131 S. Ct. 2205, 2213 (2011) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)); L.B. Foster Co., 123 F.3d at 750. Where some, but not all, claims are determined to be frivolous, a prevailing defendant is entitled to be reimbursed for fees that would not have been incurred but for the frivolous claims. Fox, 131 S. Ct. at 2211. The standard under the NJLAD is different: defendants must show that the action was filed in bad faith. Mandel v. UBS/PaineWebber, Inc., 373 N.J. Super. 55, 83 (App. Div. 2004).

6.  Defendant Mooney argues that Plaintiff's Title VII and § 1981 claims lacked any factual or legal basis. (Def. Mot. [Docket Item 63-2] at 5-7.) Mooney contends that controlling Third Circuit precedent foreclosed the claims and that Plaintiff "has no facts to support his allegations of discrimination

4

against Mooney." (Id. at 5.) Mooney maintains that Plaintiff should never have brought frivolous claims or should have dismissed them upon being notified of their lack of merit. (Id. at 6.)

    7.    The Court declines to award fees. Plaintiff made out a prima facie case of discrimination, which counsels against the award of fees. See Stefanoni v. Bd. of Chosen Freeholders, 180 F. Supp. 2d 623, 627 (D.N.J. 2002) (enumerating factors to consider, as stated in L.B. Foster Co., 123 F.3d at 750-51); Benjamin, 2014 WL 884569, at *6 (finding Plaintiff made out a prima facie case of discrimination). It was not unreasonable for Plaintiff to think that evidence would be discoverable that would tie the police chief to the adverse employment actions. The Court ultimately deemed Plaintiff's testimonial evidence insufficient to survive summary judgment, but the Court declines to hold that the claims against Mooney were wholly frivolous.

    8.    Plaintiff took the position on summary judgment that Sheridan, 100 F.3d at 1077, and McGovern, 554 F.3d at 121, were wrongly decided. Although this Court was bound to follow these precedents, Plaintiff has appealed to the Third Circuit, and litigants are within their rights to attempt to advance the law or to overturn precedent. See Wholesale Info. Network, Inc. v. Cash Flow Mgmt., Inc., No. 07-5225, 2007 WL 2900379, at *2 (W.D. Wash. Oct. 3, 2007) (denying an application for attorneys' fees

5

because plaintiff attempted to affect a change in the law); cf. United States v. Manzo, 712 F.3d 805, 811 (3d Cir. 2013) ("'The government should be allowed to base a prosecution on a novel argument, so long as it is a reasonable one, without fear that it might be setting itself up for liability under the Hyde Amendment'") (quoting United States v. Heavrin, 330 F.3d 723, 729 (6th Cir. 2003)).

9. In addition, the Court's summary judgment opinion expressly noted conflicting precedent within the Third Circuit on individual liability under Title VII. Benjamin, 2014 WL 884569, at *10 n.5. The Court cited Gretzula v. Camden Cnty. Technical Schs. Bd. of Educ., 965 F. Supp. 2d 478, 484-86 (D.N.J. 2013), which discussed this precedent at length and noted a circuit split on whether Title VII permits claims against an individual supervisor in his official capacity. See Gretzula, 965 F. Supp. 2d at 485 n.4. Although the Plaintiff staked out an unsuccessful legal position before this Court, Plaintiff's position was not completely frivolous, and thus the Court declines to award fees.

10. Next, Defendant Mooney argues that because the NJLAD claim was "clearly time barred," Plaintiff's "reckless persistence" in pursuing the claims reveals his "bad faith." (Def. Mot. at 7.) Plaintiff explains pursuit of the NJLAD claim as "an error in calculating time or, at worst, an error of

judgment." (Pl. Opp'n [Docket Item 64] at 15.) The Court finds insufficient support for a finding of bad faith, and, therefore, may not award fees under the NJLAD.

11. Moreover, Mooney argues that "[e]ven if Benjamin had not asserted a NJLAD claim, Mooney would have incurred the same time and expense to defend against Benjamin's other frivolous claims." (Def. Mot. at 7.) To the extent the Court finds Plaintiff's other claims not frivolous, Mooney cannot collect fees for the NJLAD claim under Fox, 131 S. Ct. at 2211 ("a court may grant reasonable fees to the defendant . . . only for costs that the defendant would not have incurred but for the frivolous claims"). Thus, even if the Court were to find that Plaintiff acted in bad faith by bringing the NJLAD claim, Mooney would not be entitled to fees because he asserts that opposing the NJLAD claim did not add to the time or expense of his overall defense.

12. The Court has "broad discretion in its award of attorneys' fees," In re Prudential Ins. Co. of Am. Sales Practice Litig., 103 F. App'x 695, 698 (3d Cir. 2004). To award fees in a case such as this -- where a prima facie case of discrimination has been made, where witnesses have speculated that additional incidents of discrimination may have occurred -- could discourage litigants from seeking to enforce their rights under civil rights statutes or counsel from representing clients with civil rights claims.

7

13.  For the foregoing reasons, the Court declines to award attorneys' fees and costs to Defendant Mooney, under the discretion afforded by 42 U.S.C. §§ 1988 & 2000e-5(k) and N.J.S.A. 10:5-27.1. An accompanying Order will be entered.



**June 26, 2014**                     **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge